UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAMION PRUDEN, #253622

Petitioner,

v.                                                    2:06CV129

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

<u>I.  STATEMENT OF THE CASE</u>

<u>A.  Background</u>

On October 29, 2002, in the Circuit Court of Southampton County, Virginia, petitioner was convicted of conspiracy to deliver marijuana to an inmate and sentenced to serve seven years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on May 8, 2003, the appeal was denied by a single judge. On October 9, 2003, a three-judge panel affirmed the decision. Petitioner then appealed to the Supreme Court of Virginia, but on March 26, 2004, the court refused the appeal.

On March 28, 2005, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, On April 5, 2005, petitioner filed a memorandum in support of the petition, setting forth

several claims to accompany the habeas petition.  On December 1, 2005, the petition was dismissed, and the supporting memorandum was found to be barred by the statute of limitations.

On February 28, 2006, petitioner filed a petition for writ of habeas corpus in federal court, and on April 7, 2006, respondent filed a motion to dismiss and Rule 5 answer.  This matter is now ripe for consideration.

## B.  Grounds Alleged

Petitioner alleges the following grounds:

1.   Petitioner's Sixth Amendment right to counsel was violated because:

   a.   petitioner's conviction was obtained by use of inadmissible, nontestimonial, and testimonial hearsay evidence;

   b.   counsel failed to object to the inadmissible hearsay evidence;

   c.   counsel failed to object to the admissibility of various letters and notes that did not meet the "co-conspirator" exception;

   d.   counsel failed to adequately prepare for trial, including failing to depose Tinsley and Hedgepeth and present an effective defense;

   e.   counsel failed to advise petitioner of his right to testify;

   f.   counsel failed to advise petitioner of the jury process and his ability to participate in the selection of the jury;

   g.   counsel failed to subpoena and call Lampley and Richards as witnesses at trial;

2.   Petitioner was denied his Sixth Amendment right to confrontation by admission of prior testimonial statements;

3.   Petitioner's Sixth Amendment right to confrontation and Fourteenth Amendment due process rights were violated by the admission of recorded telephone calls; and

    4.    The evidence was insufficient to sustain a conviction for conspiracy to deliver marijuana to an inmate.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In <u>Fields v. Murray</u>, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. <u>See id.</u> at 1032-33 (citing <u>Rushen v. Spain</u>, 464 U.S. 114, 120 (1983); <u>Sumner v. Mata</u>, 455 U.S. 591, 598 (1982)). As stated in <u>Marshall v. Lonberger</u>, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." <u>Id.</u> at 432.

## C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A)   the applicant has exhausted the remedies available in the courts of the State; or

(B)(i)   there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

.  .  .  .

(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

**C.  Claims 1(a) through (g) are Barred by the Statute of Limitations.**

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA).  With the passage of the AEDPA, several modifications were made to habeas corpus law.  Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998).  However, the AEDPA created a statute of limitation for habeas corpus petitions.  See 28 U.S.C. § 2244(d)(1)(2000); Brown, 150 F.3d at 375.  The AEDPA provides

that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus.  The period of limitation runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation.  See id. § 2244(d)(2).

In this case, the Supreme Court of Virginia refused petitioner's direct appeal on March 26, 2004.  Since no petition for writ of certiorari was filed in the United States Supreme Court, petitioner's conviction became final on June 24, 2004,[1] and the federal statute commenced.  Therefore, if petitioner failed to file any state post-conviction action or pursue other collateral review, he would have until June 24, 2005, to file a federal habeas petition.

---

[1]  A state prisoner's conviction becomes final ninety days after the highest state court hands down its opinion, which begins the period for filing a petition for writ of certiorari in the United States Supreme Court or on the date that certiorari is denied by the Supreme Court.  See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia on March 28, 2005,[2] alleging the following grounds: (1) ineffective assistance of counsel, (2) introduction of prior testimonial statements violated petitioner's Sixth Amendment right to confrontation, and (3) respondent's denial of access to CD's of recorded telephone conversations introduced at trial needed to pursue post-conviction relief violated petitioner's Fourteenth Amendment rights. (Mot. to Dismiss St. Hab. Pet. at 2.) However, petitioner did not file his memorandum in support of the petition until April 5, 2005. On December 1, 2005, the Supreme Court of Virginia dismissed the petition, holding that the facts, arguments, and additional claims presented in the memorandum were barred by the statute of limitations. Furthermore, the court held that because the memorandum was not timely filed, the ineffective assistance of counsel claim in the original petition was conclusory and was dismissed pursuant to Penn v. Smyth, 49, S.E.2d 600, 601 (Va. 1948).

Since Claims 1(a), (b), (c), (e), (f), and (g) were not properly filed in the Supreme Court of Virginia, the tolling of petitioner's federal statute of limitations did not apply to those claims. Therefore, when petitioner filed his federal habeas on February 28, 2006, he was more than eight months out of time.

Claim 1(d) is likewise barred by the statute of limitations, except the portion that alleges that counsel should have deposed Tinsley and Hedgepeth. The claim was not raised on direct appeal or in petitioner's state habeas petition. However, if petitioner were to

___

[2] Since March 26, 2005, fell on a Saturday, the petition was considered timely.

7

return to state court with the claim, it would be barred by the statute of limitations and would also be successive.  VA. CODE ANN. §§ 8.01-654(A)(2) and (B)(2).  Therefore, for purposes of federal review, the claim is exhausted and defaulted.  Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Moreover, petitioner's default on Claims 1(a) through (g), in state court precludes federal review.  "A federal habeas court may not review a claim when a state court has declined to consider its merits on the basis of an independent and adequate state procedural rule."  See Bacon v. Lee, 225 F.3d 470, 476 (4th Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)).  The claims are barred by the statute of limitations and are procedurally defaulted, and they should be DISMISSED.

### D.  Procedural Default

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal.  In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial.  Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:  "Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . ."  Va. S. Ct. R. 5:25.

The Supreme Court has stated that "[u]nder Virginia law, failure to raise a claim on direct appeal from a criminal conviction

ordinarily bars consideration of that claim in any subsequent state proceeding." <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986).  The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system.  <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th Cir. 1990).[3]  In <u>Whitley v. Bair</u>, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims.  We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

<u>Id.</u> at 1502 (<u>citing</u> Va. S.Ct. R. 5:21, <u>repealed and reinstated in substantially similar form as</u>, Va. S.Ct. R. 5:17, 5:25).  In <u>Slayton v. Parrigan</u>, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition:  "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error."  The Supreme Court of the United States recently addressed the same issue in <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).  The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement.  <u>Id.</u> at 750.  Speaking for the Court, Justice O'Connor said:

> We now make it explicit:  In all cases in which a state prisoner has defaulted his federal claims

---

[3]   The court in <u>Bassette</u> relied on section 8.01-654(B)(2) of the Virginia Code.  <u>Bassette</u>, 915 F.2d at 936.  Section 654 (B)(2) states, "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the issues to the Court of Appeals and the Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

In Claim 2, petitioner alleges that he was denied his Sixth Amendment right to confrontation by admission of prior testimonial statements. The claim was not raised at trial or on direct appeal. Accordingly, the Supreme Court of Virginia dismissed the claim as procedurally defaulted because it could have been raised at trial or on direct appeal and, therefore, was not cognizable in a petition for habeas corpus according to Slayton. A dismissal under Slayton precludes federal habeas review of a claim. Therefore, the claim is procedurally barred and should be DISMISSED.

In Claim 3, petitioner alleges that his Sixth Amendment right to confront his accusers and Fourteenth Amendment right to due process were violated by the admission of recorded telephone calls. To the extent the allegation raises a constitutional issue, the claim has never

been presented to the state courts.  Therefore, the claim is exhausted and procedurally defaulted for purposes of federal review.  <u>Bassett</u>, 915 F.2d 936-37.  To the extent the allegation raises an evidential issue, the Court refers to the decision by the Virginia Court of Appeals:

> Appellant contends the trial court erred by admitting into evidence the recorded telephone conversations between appellant and Mozelle Lampley, arguing that the recordings did not prove appellant acted in concern with Mozelle to deliver marijuana to inmates.
>
> "Evidence is relevant if it has any  logical tendency, however, slight, to establish a fact at issue in the case."  The disks contained numerous recorded conversations between appellant and his codefendants.  The recordings also consisted of conversations between the co-conspirators and the special agent.  The content of the recorded conversations tended to establish that appellant and the other defendants conspired to deliver marijuana to prisoners.  Accordingly, the trial court did not err by ruling that it would admit into evidence the relevant portions of the conversations and not admit into evidence any portions of the recordings that did not address the trial issues.

<u>Damion v. Commonwealth</u>, Va. Ct. App. Ord., Rec. No. 2823-02-1 at 2-3. Even if the claim were not barred by the statute of limitations or procedurally defaulted, it is without merit and should be DISMISSED.

### F.  The Evidence at Trial Was Sufficient to Support Petitioner's Conviction, (Claim 4).

The standard of review in a habeas corpus proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979).  In <u>Wright v. West</u>, 505 U.S. 277 (1992), the Supreme Court held that:

> In <u>Jackson</u>, we emphasized repeatedly the defer-
> ence owed to the trier of fact and, correspond-
> ingly, the sharply limited nature of constitutional
> sufficiency review. We said that "<u>all of the
> evidence</u> is to be considered in the light most
> favorable to the prosecution," that the prosecution
> need not affirmatively "rule out every hypothesis
> except that of guilt," and that a reviewing court
> "faced with a record of historical facts that
> supports conflicting inferences must presume--even
> if it does not affirmatively appear in the record--
> that the trier of fact resolved any such conflicts
> in favor of the prosecution, and must defer to that
> resolution."

<u>Id.</u> at 207-97 (citations omitted). In the present case the Court has fully reviewed the trial transcripts and has determined that the evidence, when viewed in the light most favorable to the prosecution, was sufficient to convict petitioner. Petitioner argues for the application of hindsight to what were issues of weight and credibility, properly resolved by the trier of fact.

Petitioner contends that the evidence was not sufficient to prove beyond a reasonable doubt the elements of conspiracy to deliver marijuana to an inmate. However, from the evidence, the trial court concluded beyond a reasonable doubt that petitioner had an agreement with his co-conspirators to obtain marijuana and distribute it to another inmate.

The evidence established that inmate ID and PIN numbers had been exchanged and used among inmates, thereby connecting petitioner to the conspiracy. The ID and PIN numbers are confidential and can only be used by other inmates if given to them by the particular inmate assigned to the ID and PIN number. (7/23/02 Tr. at 38.)

The evidence further revealed a connection between petitioner and Mozelle Lampley, a nonincarcerated co-conspirator, who met with an undercover agent and obtained marijuana to be delivered to the prison.

Inmate Scotty Slate agreed to be a drug informant for Agent Brenda J. Tinsley.  (7/23/02 Tr. at 53.)  Slate gave Tinsley's cellular telephone number to inmate Alfred Richard, who contacted Tinsley by three-way telephone calls to outside parties.  (7/23/02 Tr. at 56.)  On several occasions, Richard used petitioner's ID and PIN number when he contacted Tinsley.  Tinsley testified that she and Richard discussed the delivery of three pounds of marijuana inside the prison.  (7/23/02 Tr. at 62.)

Tinsley was told by Richard's mother to give the marijuana to Lampley, which would later be delivered to the correctional center. (7/23/02 Tr. at 70, 74.)  On April 18, 2001, Tinsley received a three-way telephone call from Richard, who was using petitioner's PIN number, which originated from the residence of petitioner's mother.  (7/23/02 Tr. at 77-79.)  During the conversation, Richard informed Tinsley that he would send her money and concluded the call by stating that Richard and "Chuck really appreciate it."  (7/23/02 Tr. at 87.)  Lampley, Slate, petitioner's cell phone documentation, and a newspaper article in which petitioner was noted to be "Newport News' most wanted top ten" identified "Chuck" and/or "Big Chuck" as nicknames for petitioner.  (7/23/02 Tr. at 82.)

When Tinsley delivered the marijuana, Lampley told Tinsley that he dealt with two people at the correctional center, and one of them is "Big Chuck."  (7/23/02 Tr. at 91.)  The Commonwealth admitted several recorded telephone calls into evidence, some of which were three-way calls between petitioner, Lampley, and an outside person.  (7/23/02 Tr. at 122-23, 135, 140.)  In each of the conversations, and some of which mentioned "junks" or "joints" meaning marijuana, petitioner was referred to as "Chuck" or "Big Chuck."

13

Based on the evidence and testimony at trial, the Commonwealth proved beyond a reasonable doubt that petitioner acted in concert with others to deliver marijuana to an inmate at the Southampton Correctional Center. Therefore, the claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


_____/s/_____
James E. Bradberry
United States Magistrate Judge

Norfolk, Virginia

_____July 17_____, 2006

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

Damion Pruden, #253622, <u>pro</u> <u>se</u>
Greensville Correctional Center
901 Corrections Way
Jarratt, VA  23870


Michael T. Judge, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219


Fernando Galindo, Acting Clerk


By _____
                Deputy Clerk

_____, 2006

16